UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 25-25380-CIV-MORENO

ALEXANDER HERRERA ACOSTA,

      Petitioner,

vs.

U.S. DEPARTMENT OF HOMELAND
SECURITY; KRISTI NOEM, Secretary, et al.,

      Respondents.

_____/

## ORDER GRANTING RESPONDENTS' MOTION TO TRANSFER VENUE

THIS CAUSE came before the Court upon Respondents' Motion to Transfer Venue **(D.E. 4)**.

THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and is otherwise fully advised in the premises.

Petitioner was initially detained by Immigration and Customs Enforcement ("ICE") at Krome Service Processing Center in Miami, Florida on October 27, 2025. ICE then relocated Petitioner to the Florence Staging Facility in Florence, Arizona, where he remained from November 17, 2025, to December 3, 2025. Petitioner is currently being detained at the Eloy Federal Center Facility in Eloy, Arizona.

The Supreme Court has interpreted 28 U.S.C. § 2441(a) to mean that courts have jurisdiction to grant writs of habeas corpus when the petition has been filed "in the district of confinement." *Rumsfield v. Padilla*, 542 U.S. 426, 446–47 (2004). The proper respondent in such cases is the "immediate custodian," the person "with the ability to produce the prisoner's body before the habeas court." *Id.* This is the case for habeas petitions filed by immigration detainees as well. *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).

It is undisputed that the district of confinement at the time Petitioner filed his Complaint was the District of Arizona. Petitioner notes that he has since been transferred to a contract facility in Eloy, Arizona. He argues that because he is being housed at a non-federal facility, the local warden is unable to release him without ICE's authorization, and thus the "immediate custodian" is the official located at Krome in Miami, Florida. (E.C.F. No. 7 at 3) (citing *Masingene v. Martin*, 424 F. Supp. 3d 1298, 1302 (S.D. Fla. 2020)).

In *Masingene*, however, this Court also noted that "when a federal immigrant detainee is housed in a contract facility, the federal official charged with overseeing the detainees in that facility is more akin to the 'immediate custodian' . . . than a non-federal warden." *Mansingene*, 424 F. Supp. 3d at 1302. Petitioner does not provide the Court with evidence that the Krome Service Processing Center in Miami, nor any individuals employed there, have control over the contract facility in Eloy, Arizona. Rather, Respondents state that the facility in Eloy is overseen by the ICE Phoenix Field Office. (ECF No. 9 at 4; ECF No. 9-1 at ¶ 2).

In any event, it is uncontested that Petitioner is confined outside this District. As such, this Court lacks jurisdiction to hear this case. *See Padilla*, 542 U.S. at 443; *Trump*, 604 U.S. at 672. Accordingly, it is

2

**ADJUDGED** that the Government's Motion to Transfer Venue is **GRANTED** and the case is hereby transferred to the District of Arizona as requested by the Government. The Clerk of Court is directed to transfer the case to the United States District Court for the District of Arizona for all further proceedings.

DONE AND ORDERED in Chambers at Miami, Florida, this /0 of February 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record