KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Herrera Acosta,<br><br>Petitioner,<br><br>v.<br><br>United States Department of Homeland Security, et al.,<br><br>Respondents. | No.   CV-26-01379-PHX-AMM (ASB)<br><br>**ORDER TO SHOW CAUSE** |

On November 18, 2025, Petitioner filed this action in the Southern District of Florida. (Doc. 1.) Respondents subsequently filed a Motion to Change Venue. (Doc. 4.) The District Court for the Southern District of Florida granted the motion on February 17, 2026. (Doc. 10.) The case was thereafter transferred to this Court on February 27, 2026. (Doc. 12.)

**I.      Petition**

Petitioner challenges his immigration detention under 28 U.S.C. § 2241. (Doc. 1.) His allegations are as follows. On December 27, 1995, Petitioner, a Cuban national, was paroled into the United States and classified as an arriving alien. (*Id.* at 8–9.) On January 8, 2002, an immigration court issued Petitioner an order of removal. (*Id.* at 8.) Petitioner was unable to apply for adjustment of his status as an arriving alien because the immigration court lacked jurisdiction to adjudicate a status adjustment application. (*Id.* at 9.)

///

In October 2025, United States Immigration and Customs Enforcement ("ICE") detained Petitioner. (*Id.*) On November 14, 2025, Petitioner filed an application with United States Customs and Immigration Services ("USCIS") requesting to update his status to lawful permanent resident. (*Id.*) Prior to his detention, Petitioner resided with his wife, a United States citizen. (*Id.*) Petitioner is the father of five children, who are also United States citizens. (*Id.*)

Petitioner raises three claims for relief:

(1) "Violation of the CAA and Federal Regulations";

(2) "Third Country Removal, Agency Action is Arbitrary and Capricious and not in Accordance with the Law"; and

(3) "Violation of Due Process."

(*Id.* at 16–19.) He seeks release from custody, or in the alternative, a bond hearing. (*Id.* at 19.)

The Court finds that Respondents must show cause why the Petition should not be granted. Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

Accordingly,

**IT IS ORDERED:**

(1) Counsel for Petitioner must immediately serve the Petition (Doc. 1) on Respondents.

(2) If not already issued, the Clerk of Court must issue any properly completed summonses.

(3) The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov,

1  Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at
2  Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.
3        (4)   Respondents must show cause no later than **March 9, 2026**, why the Petition
4  should not be granted.
5        (5)   Petitioner may file a reply no later than **March 11, 2026**.
6  Dated this 2nd day of March, 2026.

_____
Honorable Angela M. Martinez
United States District Judge